**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francis Saitta, | No. CV-22-00064-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

On February 9, 2022, Plaintiff Francis Saitta filed a Complaint (Doc. 1) and an Application to Proceed in Forma Pauperis (Doc. 2). On February 24, 2022, the Court denied Plaintiff's Application to Proceed in Forma Pauperis, finding that the information contained in the Application indicated Plaintiff is capable of paying the fees for this action while still providing himself with the necessities of life. (Doc. 5.) The Court ordered Plaintiff to pay the filing and administrative fees within thirty days. (*Id.*)

On February 25, 2022, Plaintiff filed a Motion to Recuse, arguing that the undersigned must recuse herself from this matter pursuant to 28 U.S.C. § 455 because she is an alumnus of Defendant University of Arizona and is listed as a member of the Arizona School of Law Board of Directors. (Doc. 6.) On March 17, 2022, Plaintiff filed a Motion, ostensibly brought pursuant to Federal Rule of Civil Procedure 60, arguing that the Court's February 24, 2022 Order should be vacated because the undersigned should have recused herself from this case. (Doc. 7.)

To date, Plaintiff has not paid the filing and administrative fees for this action.

## I. Legal Standard

Under 28 U.S.C. § 455(a),[1] a judge "shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." Section 455(a) requires an objective inquiry: "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983). The analysis focuses on "how things appear to the well-informed, thoughtful observer rather than to a hypersensitive or unduly suspicious person." *In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990).

A judge must also recuse herself under the following specific circumstances:

(1) Where [she] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
(2) Where in private practice [she] served as lawyer in the matter in controversy, or a lawyer with whom [she] previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
(3) Where [she] has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
(4) [Where she] knows that [she], individually or as a fiduciary, or [her] spouse or minor child residing in [her] household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
(5) [Where she] or [her] spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
 (i)   Is a party to the proceeding, or an officer, director, or trustee of a party;
 (ii)  Is acting as a lawyer in the proceeding;
 (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
 (iv)  Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(b).

Courts have read a timeliness requirement into section 455. *United States v. Rogers*, 119 F.3d 1377, 1380 (9th Cir. 1997). "[A] party having information that raises a possible ground for disqualification cannot wait until after an unfavorable judgment before bringing the information to the court's attention." *Id.* Furthermore, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*

---

[1] Plaintiff has not sought relief pursuant to 28 U.S.C. § 144.

- 2 -

1  *v. United States*, 510 U.S. 540, 555 (1994).

2  **II.     Discussion**

Because this case is in its early stages, the Court considers Plaintiff's Motion to Recuse timely. However, the Court notes that Plaintiff filed the Motion after the Court issued an adverse ruling on his Application to Proceed in Forma Pauperis, raising an inference that the Motion was filed for strategic reasons.

The Court finds that none of the circumstances specified in 28 U.S.C. § 455(b) are applicable here. The undersigned does not harbor any personal bias or prejudice concerning Defendant University of Arizona or any other party in this action. *See* 28 U.S.C. § 455(b)(1). She has no personal knowledge of any disputed evidentiary facts concerning this proceeding. *See id.* Neither she nor anyone in her household has any financial interest in the subject matter in controversy or in the University of Arizona. *See id.* § 455(b)(4). Furthermore, neither she nor anyone in her household has any other interest that could be substantially affected by the outcome of this proceeding. *See id.* Finally, neither she nor her spouse, or any person within the third degree of relationship to either of them or the spouse of such a person, is a party to the proceeding or an officer, director, or trustee of a party. *See id.* § 455(b)(5)(i). The undersigned is not on the Board of Directors of the University of Arizona. She is on the Board of Visitors of the University of Arizona James E. Rogers College of Law, but the Board of Visitors is not the equivalent of a Board of Directors.[2] The Court finds that recusal is not required under 28 U.S.C. § 455(b).

The Court also finds that recusal is not appropriate under 28 U.S.C. § 455(a). It is well-established that "§ 455(a) does not require recusal for . . . minimal alumni contacts" such as being an alumnus of a defendant-university's law school, making financial contributions to an alumni organization, presenting educational programs at a defendant university, or being a member of a law school alumni social organization. *United States*

---

[2] The members of the Board of Visitors are attorneys, judges, and other professionals who meet annually at the James E. Rogers College of Law to discuss the legal profession and the College of Law's latest initiatives and activities. *See, e.g.*, *https://lotl.arizona.edu/feb62019.htm* (last visited March 25, 2022).

*ex rel. Hochman v. Nackman*, 145 F.3d 1069, 1076 (9th Cir. 1998); *see also Chang v. Rockridge Manor Condo.*, No. C-07-4005-EMC, 2010 WL 3504876, at *2 (N.D. Cal. Sept. 7, 2010) ("minimal alumni contacts are not enough to give rise to recusal even where the university or school is a party in the case" (internal emphasis omitted)).  Given the nature of the James E. Rogers College of Law's Board of Visitors, the undersigned's membership on the Board of Visitors is equivalent to the type of minimal alumni contacts that do not require recusal under 28 U.S.C. § 455.  Accordingly, the Court will deny Plaintiff's Motion to Recuse.

Plaintiff's Rule 60 Motion argues that the Court's February 24, 2022 Order should be vacated because the undersigned should have recused herself prior to issuing the Order.  Because Plaintiff's Motion to Recuse is being denied, the Court will also deny the Rule 60 Motion.[3]

Over thirty days have elapsed since the filing of the Court's February 24, 2022 Order, and Plaintiff has failed to pay the filing and administrative fees for this action.  Accordingly, the Court will direct the Clerk of Court to enter judgment dismissing this action without prejudice.

**IT IS ORDERED** that Plaintiff's Motion to Recuse (Doc. 6) and Rule 60 Motion (Doc. 7) are **denied**.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

---

[3] To the extent the Rule 60 Motion seeks reconsideration of the Court's February 24, 2022 Order, Plaintiff has raised no grounds that would warrant reconsideration under Local Rule of Civil Procedure 7.2(g).

**IT IS FURTHER ORDERED** that the above-captioned action is **dismissed without prejudice** based on Plaintiff's failure to pay the filing and administrative fees. The Clerk of Court is directed to enter judgment accordingly and close this case.

Dated this 30th day of March, 2022.

_____
Honorable Rosemary Márquez
United States District Judge